

| | | |
|---|---|---|
| | | **BAILEY FORCIER**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-5054<br>fax: (212) 356-2322<br>bforcier@law.nyc.gov |
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | January 23, 2024 |

*Application granted in part. The time for the individual defendants to respond to the complaint is hereby extended to April 11, 2024.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Date: January 24, 2024*

**BY ECF**
Judge Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

       Re:    Shaquan Butler v. City of New York, et al.,
               23 Civ. 0455 (AS)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York and the attorney assigned to the above-referenced matter. I write on behalf of the Office of the Corporation Counsel (hereinafter "this Office") as an interested party to respectfully request: (1) a stay pending the ongoing Department of Correction ("DOC") investigation into the underlying incident until 30 days after the investigation is concluded; or (2) in the alternative that the Court *sua sponte* extend the time for the individual defendants to respond to the amended complaint by 45 days, from February 26, 2024 until April 11, 2024. This is this Office's first request for a stay and first such request for an extension of time to respond to the amended complaint. This Office was not able to obtain plaintiff's position as to this request expeditiously, as plaintiff is currently incarcerated and proceeding *pro se*.

### I.    Relevant Background

      By way of background, on September 25, 2023, plaintiff filed an amended complaint alleging a claim of excessive force against DOC Officers Christopher Young, William Blaszyck, Freddie Larry, Curtis Tucker, and Captain Joshua Wigfall related to an incident that allegedly occurred on December 29, 2022, in the main intake area of the George R. Vierno Center on Rikers Island. (See ECF No. 17). On December 7, 2023, the Court issued an Order, *inter alia,* requesting that the five individual defendants waive service of summons by December 29, 2023. (See ECF No. 18). On December 26, 2023, the five individual defendants waived service of the summons. (See ECF No. 21). As such, their answer to the amended complaint is due February 26, 2024. (Id.)

Most recently, on January 11, 2024, the undersigned learned that DOC has re-opened and is presently conducting an investigation into the December 29, 2022 incident. As of January 17, 2024, the additional allegations and investigation are confidential because they fall under the Prison Rape Elimination Act ("PREA").

## II.     Request for a Stay Pending the Ongoing Related DOC Investigation

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970). Specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding or investigation. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts in this Circuit have repeatedly stayed civil actions pending active internal investigations by DOC. See, e.g., Shy-Kym Samuel v. Captain Polpotic, et al., 18 Civ. 4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (Docket Entry No. 20; Endorsed Letter granting stay pending DOC investigation); Michael Megginson v. C.O. Molina, et al., 18 Civ. 5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (Docket Entry No. 19; Endorsed Letter granting limited stay pending DOC investigation); Christopher H. Cano v. Officer Oxley, 18 Civ. 3428 (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (Docket Entry No. 15, pg. 2; granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction.")

There are several reasons a stay in this matter is necessary. First and foremost, the Office of the Corporation Counsel cannot make representation decisions concerning the individually named defendant correction officers pursuant to New York State Law until the resolution of DOC's internal investigation. Under New York General Municipal Law Section 50-(k), the Office shall, upon an individual defendant's request, represent individual employees in civil actions arising out of any act or omission in the discharge of their duties. Pursuant to Section 50-(k), the Office must first determine whether each individual "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id. Because DOC is currently investigating the incident alleged in the amended complaint, the Office is unable to make that determination until the resolution of the investigation. This is because if any individual defendant is found to have violated DOC procedures, there would be a conflict of interest between this Office and the individual officer. Moreover, best practices would prevent this Office from even communicating with the individual defendants to inquire about the facts of this matter until the resolution of the proceedings. Indeed, if this Office assumes representation of the individual defendants before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Furthermore, until such time as DOC concludes its investigation, this Office will not have access to all of the documents regarding the incident alleged in this case—as well as the investigative notes or interviews conducted by the investigation division of DOC—because they are protected from disclosure while the investigation is pending by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 256 (2d Cir. 2005) (noting that inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted). Without access to this information, this Office cannot effectively respond to the

amended complaint (to the extent that it represents the individual defendants) or assess the case for settlement purposes.

Finally, plaintiff will not be prejudiced in the event that the case is stayed because the documents relevant to the case will have been obtained and preserved by DOC during the investigation. See generally Rosenthal v. Giuliani, 98 Civ. 8408 (SWK), 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties.")  Moreover, the claims in this case arise from incidents that allegedly occurred in December of 2022, reducing concerns regarding the expiration of any relevant statute of limitations.

Thus, this Office respectfully requests a stay of the instant matter until 30 days after the conclusion of DOC's investigation. This Office can provide updates to the Court and plaintiff regarding the status of the investigation at whatever interval the Court desires.

### III. Should the Court Not Stay the Case, this Office Requests a *Sua Sponte* Extension of Time for the Individual Defendants to Respond to the Amended Complaint

There are several reasons for seeking an extension of time in this matter to respond to the amended complaint.  First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office requires sufficient time to investigate the allegations set forth in the amended complaint, including searching for and obtaining relevant documents. This Office is still awaiting receipt of relevant documentation in this case and, also, as noted above, is presently unable to obtain many of the key documents because of the pending investigation.

Second, as noted herein, this Office does not yet represent the individual defendants and, thus, the instant application is not made on their behalf.  However, the requested extension of time will allow this Office time to conduct an inquiry to determine whether it will represent the five individual defendants.  See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985);  Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  As discussed above, this Office has not yet assumed representation of any individual defendant.  Finally, this extension will also avoid the filing of multiple responses to the amended complaint by individual defendants who may all be represented by this Office.

As such, in an abundance of caution that the Court does not grant a stay, this Office respectfully requests that the Court *sua sponte* extend the time for the individual defendants to respond to the amended complaint by 45 days, from February 26, 2024 to April 11, 2024.

### IV. Conclusion

Accordingly, this Office respectfully requests: (1) a stay pending the ongoing DOC investigation into the underlying incident until 30 days after the investigation is concluded; or (2) in the alternative, that the Court *sua sponte* extend the time for the individual defendants to respond to the amended complaint by 45 days, from February 26, 2024 to April 11, 2024

This Office thanks the Court for its time and consideration of this matter.

                                                              Respectfully submitted,

                                                              /s/ *Bailey Forcier*

                                                              Bailey Forcier
                                                              *Assistant Corporation Counsel*
                                                              Special Federal Litigation Division

cc:     **Via First-Class Mail**
        Shaquan Butler
        *Plaintiff* pro se
        Book & Case No. 441-22-02995
        George R. Vierno Center
        09-09 Hazen Street
        East Elmhurst, NY 11370