UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAQUAN BUTLER,<br><br>                    Plaintiff,<br><br>        -against-<br><br>CHRISTOPHER YOUNG; CAPTAIN<br>JOSHUA WIGFALL; FREDDIE LARRY;<br>WILLIAM BLASZYEK,<br><br>                    Defendants. | 23-cv-455 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

In a complaint filed September 25, 2023, *pro se* plaintiff Shaquan Butler alleges that defendants sexually assaulted him during his prisoner intake process at the George R. Vierno Center on Rikers Island. Dkt. 17. After defendants answered the complaint, the Court entered a civil case management plan and scheduling order that required all discovery to be completed by August 16, 2024, and post-discovery summary judgment briefing to be completed by October 7, 2024. Dkt. 26. Butler failed to engage in discovery or respond to defendants' discovery requests, and on August 1, 2024, defendants filed a letter-motion asking this Court to compel Butler to respond. Dkt. 27. The Court ordered Butler to respond to defendants' discovery requests by August 15, 2024, and cautioned him that failure to comply with the order could lead to the lawsuit's dismissal. Dkt. 28. On August 16, 2024, defendants wrote to the Court, explaining that Butler had failed to respond. Dkt. 29. The Court then ordered Butler to write to the Court by August 26, 2024, explaining whether he wishes to proceed with this litigation, and, if so, to respond to defendants' discovery requests by September 6, 2024. Dkt. 30. The Court once again cautioned Butler that his failure to comply could lead to dismissal for failure to prosecute. *Id.* After Butler failed to contact the Court or defendants to indicate his desire to continue this litigation by the deadline, the Court extended the deadline, *nunc pro tunc*, to September 13, 2024, and again cautioned him that failure to respond could lead to dismissal. Dkt. 32. Finally, on September 16, 2024, the Court extended the deadline once more to November 14, 2024, but cautioned Butler that this was the final extension, and that the Court would dismiss his suit for failure to prosecute if he failed to comply. Dkt. 34.

Under Federal Rule of Civil Procedure 41(b), a district court "may dismiss an action for plaintiff's want of prosecution." *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 164 (2d Cir. 2023). Dismissal under this rule is appropriate when "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.* (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, these factors favor dismissal. First, plaintiff's amended complaint was filed over one year ago, and since then, he has entirely failed to engage in discovery, respond to defendants' requests, or respond to the Court's orders. The Court recognizes that plaintiff's incarceration makes these tasks more difficult, which is why it has offered multiple extensions and opportunities for plaintiff to respond. But this case hasn't progressed at all in over a year, and plaintiff has offered no explanation for his lack of responsiveness. Second, the Court has given plaintiff four warnings that his continued silence might lead to dismissal. Dkts. 28, 30, 32, 34. Third, prejudice can be presumed "where the plaintiff repeatedly failed to file documents that the court ordered, even after being warned that he was risking dismissal." *Drake*, 375 F.3d at 257. Fourth, plaintiff's delays have now impacted the Court's calendar. Discovery and summary judgment briefing should have been completed by now, which means that this case should either be wrapped up by now or headed toward trial. But instead, this case lingers on the Court's docket with no resolution in sight. Finally, the Court sees no way that lesser sanctions could be helpful here, given plaintiff's complete lack of responsiveness. *See McLean v. City of New York*, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007) ("A court should not have to beg the parties before it to litigate the cases they initiate.").

Accordingly, plaintiff's suit will be dismissed without prejudice. The Clerk of Court is respectfully directed to terminate this case. SO ORDERED.

Dated: December 16, 2024
    New York, New York

ARUN SUBRAMANIAN
United States District Judge

2